# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LUKE HILLS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, OFFICER SYMONETTE, OFFICER LOPEZ, OFFICER MARTIN, OFFICER BANDY, SERGEANT ALVAREZ, CHIEF ROXANA KENNEDY, AND JOHN DOES 1 through 5, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 23-cv-1067-DMS-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND STRIKE PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Pending before the Court is Defendants' motion to dismiss and strike Plaintiff's Fourth Amended Complaint (FAC, ECF No. 60) pursuant to Federal Rules of Civil Procedure 12(b)(6) & (f) and Civil L.R. § 7.1.f.3.a. & c. Plaintiff, proceeding pro se, did not file an opposition to Defendants' motion. The background of this case will not be repeated as it was extensively discussed in the Court's prior Order granting and denying in part Defendants' motion to dismiss Plaintiff's Third Amended Complaint (TAC). (ECF No. 59, Nov. 26, 2024). There, the Court dismissed without leave to amend Plaintiff's *Monell* claims against Defendants City of Chula Vista and the Chula Vista Police

Department (CVPD), Bane Act claim (Fourteenth Amendment Due Process) against Defendants Symonette, Lopez, and Martin, and Fourth Amendment claims against Defendants Alvarez, Bandy, and Chief Kennedy. The Court granted leave to amend only as to Plaintiff's other (non-Fourteenth Amendment Due Process) Bane Act claims against Defendants Symonette, Lopez, and Martin. (*Id.*). The Court denied Defendants' motion to dismiss Plaintiff's Fourth Amendment claims (unlawful detention, arrest, and search) and state law claim for false imprisonment against Defendants Symonette, Lopez, and Martin, and Fourth Amendment claim for excessive force and state law claims for assault and battery against Defendant Symonette.

Despite the Court's Order, Plaintiff realleged claims in his FAC that he did not have leave to amend, raised two news claims under the Fourteenth Amendment for racial discrimination and reputational injury, and did not amend the Bane Act claims for which he was granted leave to amend. The Court interprets Plaintiff's FAC to allege the following claims: (1) violations of the Fourth Amendment (unlawful detention, arrest, excessive force, and search) against all Defendants, (2) violation of the Fourteenth Amendment Equal Protection Clause against all Defendants (racial discrimination and reputational injury), (3) *Monell* claims against Defendants City of Chula Vista and CVPD, (4) false imprisonment against all Defendants, and (5) assault and battery against all Defendants.

With the exception of the *Monell* claim, the FAC consistently alleges in conclusory terms for all claims that all "Defendants" caused him harm. However, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The FAC fails to allege what each Defendant did and how that conduct violated his rights. Further, the FAC attempts to reallege claims that were dismissed without leave to amend.

Accordingly, Defendants move to dismiss the FAC for failure to state a claim and failure to file an opposition under Rule 12(b)(6) and Civil Local Rule 7.1.f.3., respectively, and to strike the FAC under Rule 12(f). Because the FAC fails to state a claim against

Defendants under Rule 12(b)(6) given its conclusory and non-specific allegations, Defendants' motion to dismiss the FAC is granted. In addition, the Court grants in part Defendants' motion to strike the FAC under Rule 12(f), which provides that "the court may strike from a pleading … any redundant, immaterial, [or] impertinent … matter." The FAC's allegations are redundant of the TAC to the extent they repeat claims already approved by the Court against Defendants Symonette, Lopez, and Martin, and immaterial to the extent they reallege claims against Defendants that were previously dismissed without leave to amend. Those portions of the FAC are therefore stricken.

To the extent the FAC attempts to allege new claims under the Fourteenth Amendment for racial discrimination and reputational injury those claims are dismissed without leave to amend. Plaintiff has been given three opportunities to amend his complaint, failed to sufficiently allege those claims, and failed to file a written opposition the present motion. Civ. L.R. § 7.1.f.3.a. & c. ("[Failure to file written opposition] may constitute consent to the granting of a motion."). Under these circumstances, the Court grants Defendants' motion to dismiss and declines to permit further amendment.

Defendants are directed to view the TAC as the operative complaint and to answer the claims permitted by the Court in its Order granting and denying Defendants' motion to dismiss Plaintiff's TAC, (ECF No. 59), to wit: Plaintiff's claims for violations of his Fourth Amendment rights (unlawful detention, arrest, and search) and false imprisonment against Defendants Symonette, Lopez, and Martin; and Plaintiff's claims for violation of his Fourth Amendment right (excessive force) and assault and battery against Defendant Symonette. Defendants Symonette, Lopez, and Martin must file their answer to the TAC within **fourteen (14) days** from the filing of this Order. All other Defendants and claims are dismissed with prejudice.

**SO ORDERED**.

Dated: May 1, 2025

Hon. Dana M. Sabraw
United States District Judge